IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

VERONICA M. H., )
 )
      Plaintiff, )
 )
vs. ) Case No. 20-CV-460-JFJ
 )
KILOLO KIJAKAZI,[1] )
Acting Commissioner of Social Security, )
 )
      Defendant. )

## OPINION AND ORDER

Plaintiff Veronica M. H. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For the reasons explained below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

I.     **General Legal Standards and Standard of Review**

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological

---

[1] Effective July 9, 2021, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing his past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). If a claimant satisfies her burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the

national economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

On August 7, 2018, Plaintiff, then a 51-year-old female, applied for disability insurance benefits under Title II of the Social Security Act. R. 15, 161-62. Plaintiff alleges that she has been unable to work since an amended onset date of July 4, 2017, due to chronic back pain, bilateral leg pain, chronic shoulder pain, rib pain, restless leg syndrome, bilateral carpal tunnel syndrome, diabetes, obesity, asthma, and allergies. R. 171, 182. Plaintiff's claim for benefits was denied initially and on reconsideration. R. 55-73. ALJ Christopher Hunt conducted an administrative hearing and issued a decision on December 13, 2019, denying benefits and finding Plaintiff not

disabled. R. 15-24, 30-50. The Appeals Council denied review, and the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. R. 1-3; 20 C.F.R. §§ 404.981, 416.1481.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from her amended onset date of July 4, 2017, through her date last insured of December 31, 2017. R. 17. At step two, the ALJ found Plaintiff's right knee osteoarthritis, spondylosis at L5-S1, and morbid obesity were severe impairments through the date last insured. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. R. 19.

At step four, the ALJ summarized Plaintiff's disability report, function report, and hearing testimony, as well as some of the medical evidence in the record. R. 20-23. He then found that Plaintiff had the RFC to perform a reduced range of light work as defined in 20 C.F.R. § 404.1567(b) with occasional climbing ramps and stairs, stooping, kneeling, crouching, crawling, and operation of pedals and foot controls, and no climbing ladders, ropes, or scaffolds. R. 20. Based on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff could return to her past relevant work as a wire harness assembler, waitress, certified nurse assistant ("CNA"), and small parts assembler. R. 23-24. Accordingly, the ALJ concluded Plaintiff was not disabled. R. 24.

**III.   Issues**

Plaintiff raises two allegations of error on appeal: (1) the ALJ's RFC assessment is not supported by substantial evidence, and (2) the ALJ failed to properly evaluate Plaintiff's subjective statements. ECF No. 20. The Court agrees with Plaintiff's first allegation of error, and therefore

4

reverses and remands for further proceedings. The Court does not reach Plaintiff's second allegation of error.

IV. Analysis

    A. **Evidence Related to Plaintiff's Impairments**

The relevant medical records prior to Plaintiff's date last insured reveal that Dr. Benjamin Roberts performed a consultative physical examination of Plaintiff on May 24, 2017. R. 264-71. Plaintiff reported progressively worsening back pain that radiates down her left leg, carpal tunnel syndrome, and intermittent knee pain. R. 264. Dr. Roberts observed Plaintiff moved about the room with a normal gait and was able to perform the exam without difficulty. *Id.* Dr. Roberts found Plaintiff had full range of motion in her upper and lower extremities without pain, reduced lateral flexion (left 20/25) with pain in her lumbar spine, and full range of motion in her cervical spine without pain. R. 267-70. He assessed Plaintiff with back pain with radiculopathy, bilateral knee pain, chest pain, and tobacco use disorder, but did not identify any functional limitations. R. 265-66.

Plaintiff established care with Dr. Hae-Jean Jung-Peters on November 30, 2017, and reported right knee, hip, and arm pain after a fall two days before, but indicated that knee pain was normal for her. R. 294-97. Plaintiff also reported back pain radiating to both legs that increased with prolonged standing. R. 296. On physical examination, Dr. Jung-Peters found tenderness at L5-S1, tenderness and crepitus in Plaintiff's knees, a normal gait and station, and a negative seated lumbar test bilaterally. *Id.* Knee x-rays taken that day revealed early degenerative changes, a lumbar spine x-ray revealed moderate facet arthrosis at L4-L5 and L5-S1, and a sacrum/coccyx x-ray was normal. R. 279-81. Dr. Jung-Peters diagnosed Plaintiff with osteoarthritis and

5

lumbosacral radiculitis, prescribed a nonsteroidal anti-inflammatory medication, and referred Plaintiff for physical therapy. R. 296-97. The record contains no evidence of physical therapy.

Most of the medical evidence is dated after Plaintiff's date last insured of December 31, 2017. At a follow-up appointment with Dr. Jung-Peters on January 4, 2018, Plaintiff reported increased right knee pain as well as pain and throbbing in her right leg. R. 293. Dr. Jung-Peters found decreased strength and sensation in Plaintiff's right leg, and tenderness and reduced range of motion in Plaintiff's right knee. *Id.* He administered a steroid injection in Plaintiff's right knee. *Id.* Dr. Jung-Peters also reviewed Plaintiff's lumbar spine x-rays and referred her for a lumbar spine MRI, the results of which revealed, *inter alia,* mild bilateral degenerative facet arthrosis at L1-L2 and L2-L3; mild to moderate bilateral degenerative facet arthrosis at L3-L4; mild spondylolisthesis and severe bilateral degenerative facet arthrosis at L4-L5; and moderate to severe bilateral degenerative facet arthrosis at L5-S1. R. 298-99.

Plaintiff established care with Dr. Christopher Martin on April 20, 2018, for treatment of continued low back pain with radiation to her legs. R. 341-45. On physical examination of Plaintiff's lumbosacral spine, Dr. Martin found tenderness, full range of motion, pain with extension, and normal paraspinal muscle strength and tone. R. 343. Dr. Martin's examination findings as to Plaintiff's hips, thighs, knees, ankles, and feet were normal, although he did observe Plaintiff had a mildly antalgic gait. R. 343-44. He advised Plaintiff against bedrest, encouraged her to be as active as tolerated, and recommended a bilateral transforaminal epidural steroid injection at L4-L5. R. 344-45. Dr. Martin administered the recommended steroid injections in May 2018, June 2018, and August 2018. R. 349, 356, 363. At a follow-up appointment with Dr. Martin on November 5, 2018, Plaintiff reported that the May and June injections were helpful, but that the August injection only provided pain relief for 1-2 days. R. 377. Dr. Martin performed a

radiofrequency ablation at L4-L5 and L5-S1 on December 14, 2018. R. 368. Plaintiff followed up with Dr. Martin on March 27, 2019, and reported that the radiofrequency ablation was unsuccessful, so he administered a superior cluneal nerve block. R. 386-89. As to Plaintiff's right knee, Dr. Martin administered a steroid injection on March 15, 2019, noting previous knee injections had been "very helpful," and Plaintiff reported her knee was doing better two weeks later. R. 383-85.

State agency physicians reviewed the record in October 2018 and December 2018, and determined the medical evidence of record was insufficient to make an RFC determination at or before Plaintiff's date last insured. R. 60-61, 69-71.

### B. ALJ Did Not Provide a Sufficient Narrative Discussion Explaining His RFC Assessment

A claimant's RFC is her "*maximum* remaining ability to do sustained work activities in an ordinary work setting" for 8 hours a day, 5 days per week despite her medical impairments and symptoms. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (July 2, 1996). In assessing the RFC, the ALJ must "must include a narrative discussion describing how the evidence supports each conclusion" as to the claimant's work-related limitations. *Id,* at *7. In other words, the ALJ must explain the basis for the limitations included in the RFC assessment with citations to "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id*. Additionally, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence" of record were considered and resolved. *Id.* If the RFC conflicts with a medical source opinion, the ALJ must "explain why the opinion was not adopted." *Id.*

In his written decision, the ALJ summarized Plaintiff's testimony and the medical evidence of record prior to Plaintiff's date last insured. The ALJ determined that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with the totality

7

of the evidence, the radiology reports, and her minimal treatment. R. 21, 23. In discussing the opinion evidence, the ALJ noted the state agency physicians did not provide an RFC opinion. R. 23. The ALJ then stated the RFC assessment "accommodates the Plaintiff's physical impairments and is adequate to address the location, duration, frequency, and intensity of the claimant's bona fide symptoms, as well as any reasonably anticipated aggravating and precipitating factors." *Id*.

The Court concludes that the ALJ violated SSR 96-8p by failing to explain how the medical and non-medical evidence supports the RFC assessment. While the ALJ summarized the relevant evidence of record relating to Plaintiff's impairments, he did not explain how such evidence supported his finding that Plaintiff could perform the exertional and postural limitations assessed in the RFC, *i.e.*, light work; occasional climbing ramps and stairs, stooping, kneeling, crouching, and crawling; no climbing ladders, ropes, or scaffolding; and occasional operation of pedals and foot controls. "It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions." *Pedraza v. Berryhill,* Case No. 17-2152-SAC, 2018 WL 6436093, at *2 (D. Kan. Dec. 7, 2018) (citing *Cruse v. U.S. Dept. of Health & Human Services,* 49 F.3d 614, 618 (10th Cir. 1995)). Although the ALJ stated that the RFC accommodated Plaintiff's "physical impairments," he did not specify how he accounted for Plaintiff's severe right knee osteoarthritis and spondylosis.[2] Further, the ALJ pointed to no medical opinion, testimony, or other evidence to support his RFC findings in the first instance. R. 23. Indeed, the state agency physicians offered no opinion as to Plaintiff's functional limitations, and the ALJ found Plaintiff's subjective complaints not entirely consistent with the evidence of record, leaving the Court unable to determine what evidence or medical opinions, if any, support the RFC assessment. R. 21-23.

---

[2] At step three, the ALJ specified that "[t]he standing, walking, lifting, carrying, and postural limitations" in the RFC were due, in part, to Plaintiff's obesity. R. 19.

*See Pedraza*, 2018 WL 6436093, at *2 ("When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination."). The ALJ's conclusory RFC assessment prevents the Court from performing a meaningful review of his determination. *See Spicer v. Barnhart,* 64 F. App'x 173, 177-78 (10th Cir. 2003) (stating that the ALJ's decision must be "sufficiently articulated so that it is capable of meaningful review"). Because the ALJ failed to provide a narrative discussion explaining the evidentiary basis and rationale for the RFC assessment as required by SSR 96-8p, his conclusions are not supported by substantial evidence. *See Southard v. Barnhart,* 72 F. App'x 781, 784-85 (10th Cir. 2003) ("Because the ALJ failed to make all the detailed findings required by the regulations and rulings at step four, his RFC conclusions are not supported by substantial evidence.").

## V.     Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 9th day of March, 2022.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**